UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS DEAN DEWOLF,<br><br>　　　　Petitioner,<br><br>v.<br><br>DAN HILLEREN, Warden,<br><br>　　　　Respondent. | Civil File No. 08-834 (JRT/JSM)<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.　　BACKGROUND**

　　　　In 2005, Petitioner was convicted in the state district court for Goodhue County, on multiple charges of criminal sexual conduct.  He was sentenced to 144 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

　　　　Following his conviction, Petitioner filed a direct appeal that presented several grounds for relief.  The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits.  State v. DeWolf, No. A05-2102 (Minn.App. 2007), 2007 WL 3498 (unpublished

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

opinion). On March 20, 2007, the Minnesota Supreme Court denied Petitioner's application for further review of his conviction and sentence. Id. On October 1, 2007, the United States Supreme Court denied Petitioner's application for a writ of certiorari. DeWolf v. Minnesota, 128 S.Ct. 191 (2007).

Petitioner has also challenged his conviction and sentence in a post-conviction motion filed in the state trial court. (Petition, [Docket No. 1], p. 2, § 11.) He raised several grounds for relief in that motion, including a claim of ineffective assistance of counsel. (Id., § 11(a)(3).) The trial court denied Petitioner's post-conviction motion, (id., p. 3, § 11(a)(5)), and he then filed another appeal. Petitioner's post-conviction appeal is still pending before the Minnesota Court of Appeals. (Id., p. 3, § 11(c).)

Petitioner's current habeas corpus petition is dated March 20, 2008, and it was filed by the Clerk of Court on March 24, 2008. This petition lists three grounds for relief:

(1)   Petitioner was denied effective assistance of counsel at trial;

(2)   Petitioner was denied a fair trial, because the trial court judge entered a "harassment/restraining order" that allegedly impeded Petitioner's ability to present his defense; and

(3)   Petitioner was denied a fair trial, because the jury was allowed to see him in "prison attire."
(Petition, pp. 4-5, § 12.)

The Court finds that none of Petitioner's current habeas corpus claims can be entertained at this time, because he has not exhausted his state court remedies.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Therefore, to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that one of Petitioner's current claims for relief – namely the "ineffective assistance" claim listed as Ground One – has not been fairly presented to, or addressed on the merits by, the Minnesota Supreme Court. That claim

3

apparently was raised in Petitioner's state post-conviction motion, and presumably it is included in his pending post-conviction appeal. (See Petition, p. 3, § 11(c).) Because the Minnesota appellate courts have not yet ruled on Petitioner's ineffective assistance of counsel claim, that claim is unexhausted. Therefore, Petitioner's current application for habeas corpus relief is clearly a mixed petition – i.e., a petition that includes at least one unexhausted claim.

Because mixed habeas petitions cannot be entertained in federal court, (Rose, 455 U.S. at 510, 522), the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his currently unexhausted claim. Petitioner may seek federal habeas review again, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).[2]

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied,

---

[2] It appears that Petitioner may have filed his current petition prematurely, based on a mistaken belief that the one-year statute of limitations for seeking federal habeas review was about to expire. However, the one-year limitations period did not begin to run until Petitioner's conviction became final on direct appeal, and that did not occur, (for purposes of the federal statute of limitations), until the United States Supreme Court denied his certiorari petition on October 1, 2007. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Furthermore, the statute of limitations is tolled during the entire time that a properly filed post-conviction motion is pending in the state courts, (including the state appellate courts). 28 U.S.C. § 2244(d)(2); Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

519 U.S. 1153 (1997). If Petitioner wants to exercise that option here, he should file an <u>entirely new</u> amended petition that includes <u>only his fully exhausted claims</u>, and he should do so before the deadline for filing objections to this Report and Recommendation. If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice. Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he probably will be barred from raising any other claims in any future (successive) federal habeas petition. <u>See</u> 28 U.S.C. § 2244(b)(2).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an entirely new amended habeas corpus petition listing only fully exhausted claims.

Dated:     March 28, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 14, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those

portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.